

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 10, 1966

Honorable Ben Niedecken, Jr.
County Attorney
Jones County Courthouse
Anson, Texas

Opinion No. C- 789

Re: Payment of court
costs to Lynn
County on a felony
case wherein the
case was trans-
ferred to Lynn
County from Jones
County on a change
of venue.

Dear Mr. Niedecken:

Your recent letter to this office requests an opinion concerning the following facts:

"Cause No. 4583, State of Texas vs. Gerald D. Knight, in Jones County, Texas, was filed as a result of Grand Jury indictment against the accused. The defendant's attorneys asked that this case be transferred and the District Judge of the 104th Judicial District of Texas, upon such request, transferred this case to Lynn County, Tahoka, Texas. It was filed in the District Court under Cause No. 1315, State of Texas vs. Gerald D. Knight.

"The State of Texas, through its District Attorney, made it known that they intended to seek the death penalty in this case; however, the case was tried upon the insanity of the defendant. The defendant was found insane at the time the crime was committed and sentenced to the Rusk Mental Hospital, Rusk County, Texas.

"We, of Jones County, Texas, have received a bill from the District Clerk of Lynn County, Texas, as follows:

A. Two attorneys for three days work
@ $100.00 per day                    $600.00

B. $250.00 for investigation and
expert testimony                     250.00

-3788-

C.  Jury fees                                         160.00

D.  Court costs                                        32.00

E.  Sheriff's fees as follows:

    (1)  Due Lubbock County for
         board of prisoner              $141.00

    (2)  Special Night Deputy,
         Lynn County, Texas              168.00

    (3)  Night Guard                      12.00

    (4)  Pay Security Guard at
         Hearing                          44.00

    (5)  Transporting the defendant
         to Big Spring State Hospital
         for doctor's examination         10.24

    (6)  Meals for twelve officers at
         hearing of the defendant         24.84

    (7)  Transporting the prisoner from
         Lubbock County Jail to Rusk Mental
         Hospital, Rusk County, Texas, as
         follows:

|  |  |  |
|---|---|---|
| Meals | $7.24 | |
| Lodging | 9.27 | 16.51 |

Total amount Lynn County Sheriff          416.69

"Before the case was transferred to Lynn County the District Judge of Jones County, Texas, authorized the payment of $129.40 for the purpose of investigation of this case."

You have asked the following questions concerning the above stated facts:

"1.  Are we obligated to pay the Court costs of $32.00 as billed by Lynn County?

"2.  Are we obligated to pay the $250.00 for investigation and expert testimony in addition to the $129.40 already paid?

"3.  Are we obligated to pay the Lubbock

County Jail for the board of prisoner in the amount of $141.00?

"4.  Are we obligated to pay a Special Night Deputy $168.00?

"5.  Are we obligated to pay a Night Guard $12.00?

"6.  Are we obligated to pay a Security Guard at the Hearing in the amount of $44.00?

"7.  Are we obligated to pay for transporting the defendant to Big Spring State Hospital for doctor's examination in the amount of $10.24?

"8.  Are we obligated to pay for meals for twelve officers at the Hearing of the defendant in the amount of $24.84?

"9.  Are we obligated to pay for the transporting of prisoner from Lubbock County Jail to Rusk Mental Hospital, Rusk County, Texas, in the amount of $16.51?"

In answer to question No. 1, it is the opinion of this office that Jones County is under no obligation to pay court costs in the amount of $32.00.  There is no authority in the statutes of the State of Texas which would authorize an initiating county to pay court costs to another county on a change of venue.

In answer to question No. 2, it is the opinion of this office that Jones County is authorized to pay a maximum of $250.00 for investigation and expert testimony.  Article 26.05, Section 1, Code of Criminal Procedure, provides,

"A counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment shall be paid from the general fund of the county in which the prosecution was instituted according to the following schedule:

" . . . .

'(c)  For expenses incurred for purposes of investigation and expert testimony, not more than $250.00."

Jones County, having already paid $129.40, is only authorized to pay out the additional amount of $120.60.

It is the opinion of this office that Jones County is obligated to pay for all expenses incurred on account of the safe keeping of the defendant. Article 54.02, Section 1(b), Code of Criminal Procedure, specifically provides that Articles 1037 through 1056, Code of Criminal Procedure of Texas, 1925, are not repealed. Article 1037, Code of Criminal Procedure provides:

> "Each county shall be liable for all expenses incurred on account of the safe keeping of prisoners confined in jail or kept under guard, except prisoners brought from another county for safe keeping, or in habeas corpus or change of venue; in which cases, the county from which the prisoner is brought shall be liable for the expense of his safe keeping."

Whether or not the specific amounts billed to Jones County are reasonable and proper, are questions of fact which can not be passed upon by this office. In answer to question No. 3, concerning the payment of $141.00 for the board of the prisoner, it is the opinion of this office that Jones County is obligated to pay such amount, if this amount is the actual expense incurred for the feeding of the prisoner. This office has held in prior opinions that a sheriff can not be paid any specific sum for the boarding of prisoners, but only for actual expense incurred by him in feeding the prisoners in his custody. Attorney General's Opinions Nos. 0-1242, 0-2379, V-1232.

In answer to questions No. 4 through No. 6, it is the opinion of this office that Jones County is obligated to pay these amounts, if such amounts are within the limits of Article 1041, Code of Criminal Procedure. Attorney General's Opinions Nos. 0-2742, 0-925.

In answer to questions No. 7 and No. 9, it is the opinion of this office that these expenses were not incurred on account of the safe keeping of the defendant in this case. Since these expenses were not incurred pursuant to Article 1037, Code of Criminal Procedure, there is no authority which would authorize the payment of these amounts by Jones County. In regard to question No. 8, you are advised that Article 1041, Code of Criminal Procedure, precludes any allowance for board of a guard or matron employed in the safe keeping of prisoners.

-3791-

## SUMMARY

There is no authority in the statutes of the State of Texas which would authorize an initiating county to pay court costs to another county on a change of venue.

Article 26.05, Section 1(c), Code of Criminal Procedure, provides that the maximum amount to be paid by a county in which a prosecution was instituted for investigation and expert testimony is $250.00. The commissioner's court of Jones County is unauthorized to pay an amount in excess of $250.00.

While Article 1037 provides that the initiating county shall be obligated to pay expenses incurred on account of the safe keeping of the defendant, Article 1041, Code of Criminal Procedure, limits the amount which can be paid for guards.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: THOMAS W. MACK
Assistant Attorney

TWM:lk

APPROVED:

OPINION COMMITTEE

W. O. Shultz, Chairman

Robert Owen
Douglas Chilton
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL

By: T. B. Wright